**ZHONG JIE CHEN, Petitioner,**

v.

**Alberto R. GONZALES, United States Attorney General, Respondent.**

No. 06–4009–ag.

United States Court of Appeals, Second Circuit.

June 20, 2007.

Robert J. Adinolfi, Louis & Adinolfi, LLC, New York, NY, for Petitioner.

Anna Mills Wagoner, United States Attorney for the Middle District of North Carolina, Harry L. Hobgood, Assistant United States Attorney, Greensboro, NC, for Respondent.

PRESENT: Hon. GUIDO CALABRESI, Hon. ROBERT D. SACK and Hon. SONIA SOTOMAYOR, Circuit Judges.

### SUMMARY ORDER

Petitioner Zhong Jie Chen, a citizen of the People's Republic of China, seeks review of a August 1, 2006, order of the BIA affirming the March 7, 2005, decision of Immigration Judge ("IJ") William F. Jankun denying his application for asylum, withholding of removal and relief under the Convention Against Torture ("CAT"). *In Re Zhong Jie Chen,* No. A95 624 621 (B.I.A. Aug. 1, 2006), *aff'g* No. A95 624 621 (Immig. Ct. New York City, March 7, 2005). We assume the parties' familiarity with the underlying facts and procedural history of the case.

When the BIA agrees with the IJ's conclusion that a petitioner is not credible and, without rejecting any of the IJ's grounds for decision, emphasizes particular aspects of that decision, we review both the BIA's and IJ's opinions—or more precisely, we review the IJ's decision including the portions not explicitly discussed by the BIA. *Yun–Zui Guan v. Gonzales,* 432 F.3d 391, 394 (2d Cir.2005).

This Court reviews the agency's factual findings, including adverse credibility determinations, under the substantial evidence standard. 8 U.S.C. § 1252(b)(4)(B); *see, e.g., Zhou Yun Zhang v. INS,* 386 F.3d 66, 73 & n. 7 (2d Cir.2004).

Here, the IJ's adverse credibility determination was supported by substantial evidence. As noted by both the IJ and the BIA, the inconsistencies in Chen's testimony were numerous. For example, Chen several times changed his testimony regarding how he obtained a notarial birth certificate, first stating that his wife picked it up for him, and then stating that he picked it up himself after the IJ pointed out that he had already testified she had been with him all day on the day in question until she was taken away for an abortion. Furthermore, contrary to Chen's argument, his shifting testimony regarding how he obtained his birth certificate was not merely collateral to the question of whether his wife was subjected to a forcible abortion, because his claim that she obtained the certificate for him directly

conflicted with his testimony that she was always with him on the day he claims she was taken away for the abortion. These inconsistencies were central to Chen's claim and thus provided ample support for the agency's adverse credibility determination. *See Secaida–Rosales v. INS,* 331 F.3d 297, 307 (2d Cir.2003).

A reasonable adjudicator would not be compelled to credit Chen's explanation for the inconsistencies between his testimony and the statements submitted by his family. *See Majidi v. Gonzales,* 430 F.3d 77, 80–81 (2d Cir.2005).

Because the only evidence of a threat to Chen's life or freedom depended upon his credibility, the adverse credibility determination in this case necessarily precludes success on the claim for withholding of removal. *See Wu Biao Chen v. INS,* 344 F.3d 272, 275 (2d Cir.2003). Additionally, because Chen failed to present any objective or particularized evidence that he would be tortured because of his illegal departure from China, the agency's denial of CAT relief was also proper. *See Mu Xiang Lin v. U.S. Dep't of Justice,* 432 F.3d 156, 159–60 (2d Cir.2005)(reasonable fact-finder would not be compelled to conclude that petitioner would more likely than not be subjected to torture if removed to China based solely on the fact that she had illegally departed China, without more particularized evidence).

For the foregoing reasons the petition for review is DENIED. The pending motion for a stay of removal in this petition is DISMISSED as moot.